# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVETTE REGINA MORRIS,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. CV 15-02845-RAO<br><br>**MEMORANDUM OPINION AND ORDER** |

## I.
## INTRODUCTION

Yvette Regina Morris ("Plaintiff") challenges the Commissioner's denial of her application for supplemental security income ("SSI") following an administrative law judge's ("ALJ") decision that she was not disabled under the Social Security Act. Administrative Record ("AR") 27. For the reasons stated below, the decision of the Commissioner is REVERSED and the action is REMANDED for further proceedings consistent with this Order.

///

///

///

## II.

## PROCEEDINGS BELOW

On April 16, 2012, Plaintiff filed an application for SSI, alleging disability beginning July 31, 2007. AR 19. Plaintiff's SSI application was denied initially on September 25, 2012, and upon reconsideration on April 5, 2013. *Id*. On May 7, 2013, Plaintiff filed a written request for hearing, which was held on May 27, 2014. *Id*. Represented by counsel, Plaintiff appeared and testified at the hearing, as did an impartial vocational expert ("VE"). *Id*. On June 16, 2014, the ALJ concluded that Plaintiff had not been under a disability, as defined in the Social Security Act.[1] *Id.* at 27. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. *Id*. at 1-7. Plaintiff filed the instant action in this Court on April 17, 2015. Dkt. No. 1.

The ALJ followed a five-step sequential evaluation process to assess whether Plaintiff was disabled. 20 C.F.R. §§ 404.1520, 416.920; *see also Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995). At **step one**, the ALJ found that Plaintiff had not engaged in any substantial gainful activity since April 16, 2012, the application date. AR 21. At **step two**, the ALJ found that Plaintiff had the following severe impairments: depressive disorder, anxiety disorder, and polysubstance dependence in alleged remission. *Id*. At **step three**, the ALJ found that Plaintiff did not have "an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." *Id*. (citations omitted). At **step four**, the ALJ found that Plaintiff possessed the residual functional capacity ("RFC") to:

> [P]erform a full range of work at all exertional levels but with the following nonexertional limitations: no greater than simple

---

[1] Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment expected to result in death, or which has lasted or is expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A).

2

> repetitive tasks not requiring interaction with the public and primarily performed independently, although they can be performed side-by-side with coworkers, but verbal collaboration should not be [a] primary component of the job.

*Id.* at 24. The ALJ determined that Plaintiff has no past relevant work, but, at **step five**, found that there are jobs which exist in significant numbers in the national economy that she can perform. *Id.* at 26 (citations omitted). Accordingly, the ALJ found that Plaintiff was not disabled under the Social Security Act. *Id.* at 27.

### III.
### STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. A court must affirm an ALJ's findings of fact if they are supported by substantial evidence, and if the proper legal standards were applied. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue,* 504 F.3d 1028, 1035 (9th Cir. 2007) (citing *Robbins v. Soc. Sec. Admin.,* 466 F.3d 880, 882 (9th Cir. 2006)). An ALJ can satisfy the substantial evidence requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989)).

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and internal quotations omitted). "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld."

*Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1198 (9th Cir. 2008) (citing *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)); *see also Robbins,* 466 F.3d at 882 ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ."). The Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citing *Connett v. Barnhart,* 340 F.3d 871, 874 (9th Cir. 2003)).

## IV.
## DISCUSSION

Plaintiff argues that the ALJ erred in giving little or no weight to the mental function assessments of examining psychologist Deborah DiGiaro, Ph.D., treating psychiatrist Frances O'Sullivan, M.D, and state agency psychiatrist H. Amado, M.D. Memorandum in Support of Plaintiff's Complaint ("Pl. Memo.") at 13-19, Dkt. No. 20. The Commissioner argues that the ALJ properly evaluated the opinion evidence "and accommodated Plaintiff's limitations in her RFC." Memorandum in Support of Defendant's Answer ("Def. Memo.") at 3-7, Dkt. No. 24.

### A.  Dr. DiGiaro's Opinion

Plaintiff argues that the ALJ erred by addressing Dr. DiGiaro's examination findings and mental function assessments in the context of step two, but failing to explain the weight accorded to Dr. DiGiaro's opinions in assessing Plaintiff's RFC. *See* Pl. Memo. 14; Social Security Ruling ("SSR")[2] 96-6p, 1996 WL 374180 (July 2, 1996) (an ALJ may not ignore the opinions of a consultative examiner, and must explain the weight accorded to such opinions in their decision); *see also* 20 C.F.R. §§ 404.1527(e) and 416.927(e).[3] The Commissioner does not challenge this claim.

---

[2] SSRs do not have the force of law, but reviewing courts generally accord them some deference. *Holohan v. Massanari,* 246 F.3d 1195, 1202 n.1 (9th Cir. 2001).

[3] The ALJ stated that, in reaching her decision, "[a]ll medical consultants' opinions were carefully reviewed and considered." AR 24-25. The foregoing is insufficient, however, to cure the ALJ's failure to address the weight accorded to Dr. DiGiaro's

*See* Def. Memo. at 4 ("Plaintiff correctly points out that the ALJ did not explicitly give weight to Dr. DiGiaro's opinion[.]"). Instead, the Commissioner argues that the error was "harmless … as Dr. DiGiaro assessed even fewer limitations than the ALJ did." *Id*. (citing AR 225-26). The Court disagrees.

The Court will set aside a Social Security benefits denial "only if the denial is unsupported by substantial evidence in the … record or is based on legal error." *Marsh v. Colvin,* 792 F.3d 1170, 1172 (9th Cir. 2015) (citation omitted); *Robbins,* 466 F.3d at 882. Even if an ALJ reaches a nondisability finding for invalid reasons, the Court will not reverse if the error was harmless. *See Carmickle v. Comm'r, Soc. Sec. Admin.,* 533 F.3d 1155, 1162 (9th Cir. 2008) (reviewing adverse credibility finding for harmless error) (citing *Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1195-97 (9th Cir. 2004)). For an error to be harmless it must be "clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." *Tommassetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008); *see also Robbins,* 466 F.3d at 885. The "relevant inquiry in this context is not whether the ALJ would have made a different decision absent any error, ... it is whether the ALJ's decision remains legally valid, despite such error." *Carmickle*, 533 F.3d at 1162. Where the circumstances show a "substantial likelihood of prejudice, remand is appropriate." *McLeod v. Astrue,* 640 F.3d 881, 888 (9th Cir. 2010).

As Plaintiff noted, the ALJ reviewed Dr. DiGiaro's August 2012 consultative psychological examination in the context of her step two analysis. *See* AR 21-22, 221-26. As to Dr. DiGiaro's limitations assessment, the ALJ correctly noted that:

> Despite some impairment, the consultative examiner opined [Plaintiff] was capable of performing simple, repetitive tasks.

---

opinion. *See Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) ("Where an ALJ does not explicitly reject a medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another, he errs. In other words, an ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it[.]") (internal citation omitted).

> [Plaintiff] had only mild limitations in performing complex tasks, moderate limitations in maintaining regular attendance and performing a normal workday or work week without psychologically-based interruptions, although she had severe limitation in dealing with competitive work stress.

*Id*. at 21-22 (citations omitted); *see also id.* at 225-26.

Given the foregoing, the Commissioner is correct that the ALJ's "no greater than simple repetitive tasks limitation" is indeed more restrictive than Dr. DiGiaro's "only mild limitations in performing complex tasks" assessment. *See id.* at 24, 225. Further, while Dr. DiGiaro opined Plaintiff "is able to interact with coworkers and the public[,]" *id*. at 225, the ALJ limited Plaintiff to tasks "not requiring interaction with the public and primarily performed independently," and stated that "although they can be performed side-by-side with coworkers, … verbal collaboration should not be [a] primary component of the job." *Id*. at 24. Conspicuously missing from the ALJ's RFC assessment, however, is Dr. DiGiaro's opinions that Plaintiff would be moderately limited in maintaining regular attendance and performing a normal workday or work week without psychologically-based interruptions—and would be severely limited in dealing with competitive work stress. *See id*. at 225.

Plaintiff contends that "[s]uch a flagrant disregard of the highly probative … opinion of an examining specialist constitutes especially harmful legal error, not only because of the ALJ's failure to articulate any reasoning for its rejection but also because, *if credited, along with the [VE]'s testimony (AR 53-55), [she] would have to be found disabled*." Pl. Memo. at 14-15 (emphasis added). At the hearing, the ALJ described to the VE a "hypothetical individual" with a RFC substantially similar to the RFC assessed in her decision, and asked the VE whether there were any jobs that could accommodate the limitations stated therein. *Id*. at 52. The VE identified two jobs: janitor (Dictionary of Occupations Titles ("DOT") # 381.687-018) and hand packer (DOT # 920.587-018). *Id*. at 53. After follow-up questions from the ALJ, Plaintiff's attorney asked the VE the following questions:

6

> Q       Ms. Spaventa, assuming a person of the same age, education, and past work experience of the claimant who would be moderately limited, meaning the tasks would be precluded up to one third, in her ability to maintain regular attendance in the workplace and her ability to complete a normal workday or workweek without interruptions from psychiatric, from a psychiatric condition -- I apologize. Would that person be able to do any work?
> A       No.
> Q       Your Honor, those limitations are taken from the CE at 2F. Ms. Spaventa, assuming a person of the same age, education and work experience as the claimant who would be severely impaired, meaning limited up to two thirds, or precluded up to two thirds of the day in their ability to deal with the stress encountered in a competitive work environment.
> A       No, no work.
> Q       And that again is from the CE at 2F, Your Honor.

*Id*. at 53-54.

Based on the VE's testimony, had the ALJ incorporated *either* Dr. DiGiaro's opinion that Plaintiff would be moderately limited in her ability to maintain regular attendance and perform a normal workday or work week without psychologically-based interruption, *or* Dr. DiGiaro's opinion that Plaintiff would be severely limited in dealing with competitive work stress, into Plaintiff's RFC assessment, she would have been deemed unable to perform any work. Thus, the Court cannot find that the ALJ's failure to discuss the weight accorded to Dr. DiGiaro's opinions was inconsequential to the ultimate nondisability determination. *Tommassetti*, 533 F.3d at 1038. Because the circumstances show a substantial likelihood of prejudice, the Court concludes that remand is appropriate. *McLeod,* 640 F.3d at 888.

**B.    Plaintiff's Other Arguments**

Plaintiff also argues: (1) that "[t]he ALJ articulated four reasons for granting 'minimal weight' to Dr. O'Sullivan's mental function assessments (AR 30), but none of them is both clear and convincing, as the law requires[,]" *see* Pl. Memo. at 15; and (2) that, despite claiming to have granted significant weight to Dr. Amado's

opinions, the ALJ's "RFC determination fails entirely to account for Dr. Amado's endorsement of moderately limited attention and concentration, ability to perform activities within a schedule, to maintain regular attendance and be reasonably punctual, to sustain ordinary routine with supervision, to complete a normal workweek or even a normal workday, and to perform at a consistent pace without excessive rest periods." Pl. Memo. at 18-19. However, having already found that remand is warranted, the Court declines to address these assertions. *Hiler v. Astrue,* 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *see also Augustine ex rel. Ramirez v. Astrue,* 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand."). On remand, the ALJ will have an opportunity to revisit the opinions and determine if an adjustment to Plaintiff's RFC is warranted.

## V.
## CONCLUSION

IT IS ORDERED that Judgment shall be entered REVERSING the decision of the Commissioner denying benefits, and REMANDING the matter for further proceedings consistent with this Order.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: November 19, 2015

*/s/ Rozella A. Oliver*
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

## NOTICE

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS, OR ANY OTHER LEGAL DATABASE.**